AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Wyoming

COPY

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:52 am, Oct 01, 2019
JEFFREY P. COLWELL, CLERK

United States of America
v.
Christopher J. Butterfield

)
)
)
)
)
)
)

Case No.   14-cr-106-04-J

COLORADO CASE # 19-mj-00223-NRN

_____
Defendant

## ARREST WARRANT

To:   Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay

(name of person to be arrested)   CHRISTOPHER J. BUTTERFIELD ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☑ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Violation of Supervised Release

Date:   07/23/2019

_____
Issuing officer's signature

Becky Harris

Stephan Harris, Clerk of Court
Printed name and title

City and state:   Cheyenne, Wyoming

RECEIVED
U.S. MARSHALS SERVICE
CHEYENNE, WY
2019 JUL 29 PM 3:48

### Return

This warrant was received on (date) _____ , and the person was arrested on (date) _____
at (city and state) _____ .

Date: _____

_____
Arresting officer's signature

_____
Printed name and title

Case 2:14-cr-00106-ABJ   Document 331   Filed 07/23/19   Page 1 of 5

# United States District Court
## District of Wyoming

**Petition for Warrant or Summons for Offender Under Supervision**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 JUL 23 PM 3:19
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| Name of Offender: | Christopher J. Butterfield |
| Sentencing Judicial Officer: | Honorable Alan B. Johnson |
| Date of Original Sentence: | December 2, 2014 |
| Original Offense: | Conspiracy to Possess With Intent to Distribute, and Distribute Methamphetamine |
| Original Sentence: | 60 months custody (reduced to 37 months on February 9, 2016), followed by 4 years supervised release |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | July 5, 2016 |
| Date Supervision Revoked: | June 14, 2018 (7 days custody, 3 years supervised release with 6 months electronic monitoring-3 months home detention, 3 months curfew) |
| Date Supervision Re-commenced: | June 19, 2018 |
| Date Supervision Modified: | January 24, 2019 (Enroll in and successfully complete residential substance abuse treatment program) |
| Assistant U.S. Attorney: | Leigh Anne G. Manlove |
| Defense Attorney: | Christopher Grant Humphrey |

Case No.: 14-CR-106-J-4

## Petitioning the Court

☒ To issue a warrant
☐ To issue a summons
☐ To sign and have filed an amended petition

The probation officer believes the offender has violated the following condition(s) of supervision:

(See attached)

**U.S. Probation Officer Recommendation:**

☒ The term of supervision should be
    ☒ revoked.
    ☐ extended for ___ years, for a total of ___ years.
☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Greg Lewis
_____
Greg Lewis
Senior U.S. Probation Officer

July 23, 2019
_____
Date

Approved by:   /s/ Mary M. Hunsicker
_____
Mary M. Hunsicker
Supervisory U.S. Probation Officer

Petition for Warrant
Christopher J. Butterfield

| THE COURT ORDERS: | THE COURT FURTHER ORDERS: |
|---|---|
| ☐ No Action<br>☑ The issuance of a warrant<br>☐ The issuance of a summons<br>☐ Other | ☐ Counsel to file Notice of Intent to Contest the Results of the Urinalysis Testing within two days of the Initial Appearance on this Petition. |

_____
Alan B. Johnson
U.S. District Judge

Date 7/23/19

### Violation No. 1

**Special Condition**  The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug testing.

**Nature of Noncompliance**
On June 24, 2019, the defendant failed to report for, and submit to, random urinalysis testing as required.

**U.S. Probation Officer's Action**
The defendant was reprimanded for missing testing and was reminded to report as directed. A urinalysis sample was collected on June 27, which was negative.

### Violation No. 2

**Special Condition**  The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug testing.

**Nature of Noncompliance**
On July 2, 2019, the defendant failed to report for, and submit to, random urinalysis testing as required.

**U.S. Probation Officer's Action**
A co-pay for urinalysis testing was implemented for 2 months.

### Violation No. 3

**Standard Condition**  2  After initially reporting to the probation office, the defendant will receive instructions from the court or probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

**Nature of Noncompliance**
On July 9, 2019, the defendant failed to report for a scheduled office meeting. Contact was made with the defendant the evening of July 9, and he reported being sick. The defendant reported to the office the following day as directed.

**U.S. Probation Officer's Action**
The defendant was eventually contacted after missing his meeting and he reported the following day. The defendant was reminded he needs to communicate with this officer if there is a reason he needs to re-schedule an appointment.

Petition for Warrant
Christopher J. Butterfield

### Violation No. 4

**Standard Condition 2** — After initially reporting to the probation office, the defendant will receive instructions from the court or probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

**Nature of Noncompliance**
On July 17, 2019, the defendant failed to report for a scheduled office meeting.

**U.S. Probation Officer's Action**
Attempts to make contact with the defendant were unsuccessful. A Petition for Warrant was submitted to the Court.

### Violation No. 5

**Standard Condition 5** — The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**
On July 17, 2019, the defendant's grandmother reported the defendant had not stayed at the residence since about July 7. Attempts by this officer to make contact with the defendant have been unsuccessful. The defendant's whereabouts are unknown at this time.

**U.S. Probation Officer's Action**
A Petition for Warrant was submitted to the Court.

### Violation No. 6

**Standard Condition 7** — The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**
On July 18, 2019, Matt Russell from Residential Roofing reported they were off work the week of July 1, but the defendant did not come to work on July 8. Matt reported he attempted to contact the defendant but did not hear back from him.

**U.S. Probation Officer's Action**
A Petition for Warrant was submitted to the Court.

Petition for Warrant
Christopher J. Butterfield

### Violation No. 7

**Special Condition**  The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug testing.

### Nature of Noncompliance

On July 18, 2019, the defendant failed to report for, and submit to, random urinalysis testing as required.

### U.S. Probation Officer's Action

A Petition for Warrant was submitted to the Court.

---

### Penalties for Supervised Release Violations:

**Statutory Penalties:** According to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The maximum revocation term of custody for a Class B felony is 3 years.

Pursuant to 18 U.S.C. § 3583(h), if supervision is revoked and the defendant is sentenced to a term of imprisonment, the Court may sentence the defendant to an additional term of supervised release. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the original offense, less any term of imprisonment imposed upon revocation of supervised release.

**Guideline Penalties:** In the case of revocation of supervised release, the applicable term of imprisonment is found in the Sentencing Guideline Table under 7B1.4(a). This section states that for Grade C Violations with a Criminal History Category of II, and where the defendant was on supervised release as a result of a sentence for a Class B felony, the applicable imprisonment range is 4-10 months.

Pursuant to U.S.S.G. § 7B1.3(g)(2), the term should not exceed the original term of supervised release authorized by statute less any term of imprisonment imposed upon revocation.